In the Matter of the Application of COLGATE UNIVERSITY.

Supreme Court, Special Term, Madison County, December 28, 1948.

*Edward C. Rowe* for Colgate University, petitioner.

*Castle, Fitch, Swan & Jefferson* for Baptist Education Society of the State of New York.

*Nathaniel L. Goldstein, Attorney-General (Thomas Burke* of counsel), for beneficiaries.

SANTRY, J. This is an application pursuant to the provisions of the Personal Property Law (§ 12) for an order directing the transfer of the Samuel Colgate Baptist Historical Collection and a certain fund established for the maintenance, increase and benefit thereof, from the custody, control and administration of Colgate University to that of The Baptist Education Society of the State of New York.

On the 11th day of June, 1896, Samuel Colgate, by an instrument in writing granted and gave to Colgate University located at Hamilton, New York, all his Baptist Historical Collection comprising histories and memoirs of distinguished men of that denomination and reports of conventions, associations, societies and records of missionary work, both of the English and American Baptists, together with the sum of twenty thousand dollars to be kept invested as a separate and permanent fund and the income therefrom to be applied to the maintenance, continuance and increase of said collection.

He expressed a desire that the collection be housed in a fireproof building, and he requested that for ten years his sons, who were familiar with the methods by which the collection had been obtained, should advise relative to the administration of the collection, so that at the expiration of such ten-year period "the University will have then acquired sufficient knowledge, information and experience to enable it to continue, increase and maintain the said collection out of the income of said fund, forever thereafter, or so long as said University exists; according to, and in compliance with my intentions, wishes and requests, as hereinbefore expressed and contained."

Colgate University, joining in the instrument of conveyance, accepted the gifts and agreed to carry out the intentions, desires and requests of the donor as expressed in the conveyance. Thereupon the university took possession of the collection and the maintenance fund, and has ever since administered the trust.

The collection comprises twenty thousand bound volumes and about one hundred and fifty thousand pamphlets. It is the largest collection of Baptist historical materials in existence. Through additional bequests by members of the Colgate family and from accumulations of income, the maintenance fund now amounts to $47,871.32.

The petitioner, Colgate University, alleges that circumstances have so changed since the execution of the instrument containing the grant as to render impracticable a literal compliance with the terms of such instrument, and asks that this court make an order directing that such grant or gift be administered in such a manner as in the judgment of the court will most effectively accomplish the general purposes of the instrument.

Neither the purposes for which the gift was made nor the particular objects to be accomplished by the making of the gift are specifically set forth in the instrument by which the gift was created. It is necessary, therefore, to have recourse to matters outside the text of this instrument to determine the general purposes which the donor sought to accomplish by the making of such gift.

Samuel Colgate, the donor, was a prominent Baptist layman, deeply interested and very active throughout his life in the work of the Baptist denomination. He was especially interested in the education of young men for the ministry. He had gathered, through many years of painstaking and persistent effort, a most complete and comprehensive collection of books and pamphlets relating to the history of the Baptist Church. Toward the end of his life, which terminated in 1897, he naturally was anxious to make arrangements so that this valuable collection would be made available to those to whom it might have a special appeal.

Colgate University from its inception had been a Baptist institution. It was founded in 1819, by The Baptist Education Society of the State of New York under an act of the New York Legislature, " for the purpose of educating pious young men to the gospel ministry." During the first twenty years of its existence only young men seeking education for the ministry were admitted as students. In 1839, it was opened to non-ministerial students. In 1846, it was incorporated under the name of Madison University. In 1890, its name was changed to Colgate University.

In 1896, when the gift in question was made, the activities of Colgate University were carried on by three separate divisions, each having its own separate faculty, its own buildings and its

own student body. These divisions were: The Theological Seminary, the College, and The Academy or college preparatory school. Samuel Colgate was a Trustee of the University and President of the Board of Trustees of The Baptist Education Society of the State of New York.

The very nature of the collection limited the scope of its usefulness. It pertained exclusively to matters involving the Baptist denomination. It would be of interest mainly to those who were particularly interested in the history of the Baptist Church. Its greatest value would be as a reference library for the use of the faculty and students of a theological seminary preparing young men for the Baptist ministry. In the light of these conditions and circumstances it is clearly obvious that the intention of the donor in making the gift was to make the collection available to those who were interested in its use by locating it at Hamilton, New York, where it would be accessible to the faculty and students of the Seminary, and by placing it in the charge and control of the University with the assumption that it would be administered through the Theological Seminary division. During the period from 1896 to about 1928, the collection was cared for and administered through this division and was in extensive and constant use by the faculty and students of the Seminary.

In 1928, the Colgate Theological Seminary was merged and consolidated with the Rochester Theological Seminary under the corporate name of The Baptist Education Society of the State of New York. Upon such consolidation the Colgate Theological Seminary was closed and its faculty and students, together with the library on theology and related subjects, were transferred to and became a part of the merged Colgate-Rochester Divinity School of The Baptist Education Society of the State of New York, located at Rochester, New York. Since the removal of the Colgate Theological Seminary to Rochester and because of such removal, the Samuel Colgate Historical Collection at Hamilton has fallen into disuse. That this condition will continue so long as the collection remains at Hamilton there appears to be no doubt. It is obvious that the purposes for which the donor made the gift are no longer being accomplished.

The failure of the gift to accomplish the purposes of the donor arises from the change of circumstances which resulted from the removal of the Theological Seminary from Hamilton to Rochester. In such a case it is the duty of the Supreme Court to assume control of the gift and make an order directing that the gift be administered in such a manner and through such

instrumentality as will most effectually accomplish the general purposes of the donor.

The general purposes of the gift can be accomplished in accordance with the intentions of the donor by simply transferring the collection and the maintenance fund to The Baptist Education Society of the State of New York, to be maintained by it and administered through the consolidated Colgate-Rochester Divinity School, and an order to that effect is hereby granted.

The Baptist Education Society of the State of New York has appeared on this application and filed its consent in writing in which it agrees to take over the collection and the maintenance fund and to administer the same.

The Attorney-General of the State of New York has appeared on behalf of the beneficiaries and offered no objections to the prayer of the petitioner. The donor of the gift is dead.

Prepare order in accordance herewith.